**INQUIRY COMMISSION, Petitioner,**

v.

**Tammie Jones SIVALLS, KBA Member No. 86924, Respondent.**

**No. 2003–SC–0555–KB.**

Supreme Court of Kentucky.

Oct. 23, 2003.

## OPINION AND ORDER

Pursuant to SCR 3.165(1)(a) and SCR 3.165(1)(b), the Inquiry Commission has petitioned this Court to enter an order temporarily suspending the Respondent, Tammie Jones Sivalls of Mt. Sterling, Kentucky, from the practice of law in the Commonwealth of Kentucky. The Inquiry Commission alleges that probable cause exists to believe that Respondent has misappropriated client funds for her own use or has otherwise improperly dealt with funds, SCR 3.165(1)(a), and that her dis-

honesty or negligence in handling funds entrusted to her presents a real and present danger to the public. SCR 3.165(1)(b).

In support of its petition, the Inquiry Commission has submitted the following information about acts of alleged wrongdoing by Respondent. On June 10, 2003, Respondent was indicted by a grand jury in Montgomery County, Kentucky, on two felony counts: one count of criminal possession of a forged instrument in the first degree, KRS 516.050 (Class C felony), and one count of theft by failure to make required disposition of property, KRS 514.070 (Class C felony). Both of these counts stem from the alleged conversion by Sivalls of the proceeds of a check from the United States government to her client, Luther McIntosh, in the amount of $26,922.40.

The Inquiry Commission also attaches a sworn complaint, dated July 16, 2003, and filed by Wilgus Combs, which alleges that Respondent wrongfully retained approximately $16,500.00 of a check paid to Combs by Allstate Insurance Co. in settlement of the personal injury claim Respondent litigated for him. Attached with this complaint were several letters that Combs's current attorney sent Respondent inquiring about the settlement proceeds.

The Inquiry Commission also cites several sworn complaints from individuals who retained Respondent to file bankruptcy claims for them. Each of these individuals claims to have paid Respondent a retainer fee to handle a bankruptcy claim,[1] and that Respondent neither filed the claim with the bankruptcy court nor returned the fee. Finally, the Inquiry Commission includes a copy of an order issued

1. Nancy Crouch claims to have paid Respondent $750.00 plus a $200.00 filing fee for the filing of her bankruptcy claim. Gwen Roberts claims to have paid Respondent in full for handling her bankruptcy claim. Buena Vista Burgette claims to have paid Respondent $900.00 to file her bankruptcy claim.

on June 24, 2003, by the United States Bankruptcy Court, Eastern District of Kentucky at Lexington, suspending Respondent from practicing law in that court for a period of one year. This order stemmed from Respondent's failure to respond to that court's orders, including a show cause order, issued in connection with the bankruptcy case she had filed for Ralph and Bonita King. Respondent has not tendered any response to the Inquiry Commission's petition.

Upon review of the materials provided by the Inquiry Commission, the Court concludes that there is probable cause to believe Respondent "is or has been misappropriating funds the attorney holds for others to her own use or has been otherwise improperly dealing with said funds," SCR 3.165(1)(a), and that there is probable cause to believe that her "conduct poses a substantial threat of harm to her clients or to the public." SCR 3.165(1)(b).

ACCORDINGLY, IT IS THEREFORE ORDERED THAT:

1. Respondent is temporarily suspended from the practice of law in the Commonwealth effective this date and until this order is superseded by subsequent order.

2. If it has not already done so, the Inquiry Commission shall initiate disciplinary proceedings against Respondent pursuant to SCR 3.160 unless Respondent resigns under terms of disbarment.

3. Pursuant to SCR 3.165(5), Respondent shall, within twenty (20) days of the date of entry of this order, notify in writing any and all clients of her inability to continue to represent them and shall furnish copies of such written notifications to the Director of the Kentucky Bar Association.

4. Pursuant to SCR 3.165(6), Respondent shall, to the extent reasonably possible, immediately cancel and cease any and all advertising activities in which she is engaged.

All concur.

ENTERED: October 23, 2003.

/s/ Joseph E. Lambert
CHIEF JUSTICE